{¶ 96} The sixth, and final, assignment of error states the
 {¶ 97} following: "The trial court erred in including mention of a post-release control term in its journal entry memorializing the sentence imposed when no mention was ever made at the time of Mr. Finger's sentencing regarding a post-release control term." Appellant's brief at 16.
 {¶ 98} Appellant maintains that the trial court failed to properly inform him as part of his sentence that he was to receive a mandatory period of post-release control, pursuant to R.C. 2967.28, to be imposed after his release from prison.
 {¶ 99} This court, in State v. Fitch (Sept. 19, 2002), Cuyahoga App. No. 79937 found that "The Supreme Court of Ohio has recently held that `pursuant to R.C. 2967.29*B) and (C), a trial court must inform the offender at sentencing or at the time of a plea hearing that post-release control is part of the offender's sentence.' Woods v. Telb (2000),89 Ohio St.3d 504, 513; See State v. Morrissey (Dec. 18, 2000), Cuyahoga app. No. 77179. The court is obligated to notify a defendant of post release control and the possibility of sanctions, including prison, available for violation of such control. See State v. Newman (Jan. 31, 2002), Cuyahoga App. No. 80034.
 {¶ 100} "The reference to any extensions provided by law in the sentencing journal is insufficient to qualify as notification to an offender of post-release control. See State v. Stell (May 16, 2002), Cuyahoga App. No. 73850; State v. Dunaway (Sept. 13, 2001), Cuyahoga App. No. 78007." Id.
 {¶ 101} In the instant case, because the State never filed an appeal or a cross-appeal, the majority reluctantly feels constrained to require a consistency that does not subject the defendant to any increase in the sentence established at the sentencing hearing. Therefore, the lower court is ordered to correct the appellant's sentencing journal entry to reflect that post-release control is not part of his sentence.
Judgment affirmed in part and reversed in part.
JAMES D. SWEENEY, P.J., WRITING FOR THE MAJORITY ON ASSIGNMENTS OF ERROR 1-5, AND DISSENTING ON ASSIGNMENT OF ERROR 6, WITH SEPARATE DISSENTING OPINION ATTACHED.
FRANK D. CELEBREZZE, Jr., J., WRITING FOR THE MAJORITY ON ASSIGNMENT OF ERROR 6 AND CONCURRING WITH THE MAJORITY, ON ASSIGNMENTS OF ERROR 1-5.
DIANE KARPINSKI, J., CONCURRING WITH THE MAJORITY OPINIONS.